IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA S.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 3581 |
| v. | ) | |
| | ) | Magistrate Judge |
| ANDREW SAUL, Commissioner of | ) | Maria Valdez |
| Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Lisa S.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for summary judgment is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On December 3 2015, Plaintiff filed claims for DIB and SSI, alleging disability since February 27, 2015 due to leg pain, back pain, sinus issues, and depression. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 14, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On May 30, 2018, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 27, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: spinal disorder, bilateral hip osteoarthritis and related surgeries, and obesity. The ALJ concluded at step three that her impairments, alone or in combination, do not

meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following limitations: never climbing ladders, ropes, or scaffolding; no more than occasionally climbing ramps and stairs, balancing, stooping, crouching, kneeling, crawling, bending, or twisting; no more than occasionally using lower extremities to push/pull or operate foot controls; providing a sit/stand option allowing her to stand for one or two minutes after sitting for thirty minutes; no more than frequently reaching overhead bilaterally; avoiding concentrated exposure to work hazards such as unprotected heights and dangerous moving machinery; and allowing her to use a cane as needed to get to and from the workstation.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a cashier and packer. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

3

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

5

1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) her evaluation of Plaintiff's subjective symptoms was flawed; and (2) her analysis of the opinion evidence was not supported by substantial evidence.

The ALJ's decision acknowledges the severity of Plaintiff's back injuries and pain, describing clinical findings of tenderness, limited range of motion, and an inability to ambulate far without a cane. The non-examining state agency consultants considered her history of back pain and concluded that she could perform work at the sedentary level, with some additional limitations. The ALJ gave some weight to those opinions but concluded that Plaintiff is more limited than the consultants' opinions found, because they did not have access to all of the medical records. Evidence introduced at the hearing included an anterior cervical discectomy and fusion surgery with plating in July 2016 and bilateral total hip arthroplasty surgeries in 2017, with some wound healing complications on the right hip.

In order to account for this additional medical evidence, the ALJ included a sit/stand option in the RFC, *i.e.*, Plaintiff would be allowed to stand for one to two minutes after sitting for thirty minutes. However, the ALJ failed to build a logical bridge between the evidence and her RFC determination, because none of the

6

medical experts on which she relied had access to all relevant evidence in the record. By concluding that the sit/stand option would accommodate all of Plaintiff's surgeries, the ALJ filled an evidentiary gap by relying on her own lay opinion, which warrants remand. *See Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (finding the ALJ's failure to submit "potentially decisive medical evidence" to a consulting physician and choice to "[i]nstead, play[ ] doctor (a clear no-no, as we've noted on numerous occasions . . .)" required remand).

In addition, substantial evidence did not support the ALJ's conclusion that Plaintiff's work as a babysitter after her alleged onset date was inconsistent with her claims of disability. The ALJ and the Commissioner rely on the Vocational Expert's testimony that babysitting is exertionally medium work, but there is no evidence in the record of the exertional level of the work as Plaintiff performed it. In response to the ALJ's questions at the hearing, Plaintiff testified that she was paid over $8,000 in 2003 for watching her niece, she reported self-employment income in 2007 and 2008 from babysitting, and she reported income of over $13,000 in 2016 from babysitting. Plaintiff was not asked about the number of children she watched in 2016, nor was there any evidence of the age or developmental level of her charges. The Commissioner's emphasis on the amount of money she made in 2016 (noting that it was just shy of the amount that would have been considered substantial gainful activity) is irrelevant to the exertional level of the work. The matter therefore must be remanded for a more complete analysis of Plaintiff's

7

activities and whether they demonstrate she could work a full-time job in a competitive environment. *See Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for summary judgment is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

*/s/ Maria Valdez*

**DATE:**    **June 25, 2020**              _____
                                                  **HON. MARIA VALDEZ**
                                                  **United States Magistrate Judge**